# DEPARTMENT OF HEALTH AND MENTAL HYGIENE ET AL. v. GRANADA NURSING HOME, INC.

[No. 143, September Term, 1981.]

*Decided April 1, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*David F. Chavkin, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General,* and *Henry E. Schwartz, Assistant Attorney General,* on the brief, for appellants.

*M. Albert Figinski,* with whom were *Ira C. Cooke* and *Melnicove, Kaufman, Weiner & Smouse, P.A.* on the brief, for appellee.

PER CURIAM

We granted a writ of certiorari in this case in order to address important public issues concerning the construction and application of Maryland Code (1957, 1980 Repl. Vol.), Art. 43, § 42E. That section provides in pertinent part:

"The Department of Health and Mental Hygiene or its agent shall notify each hospital, skilled nursing facility and intermediate care facility participating in the Maryland medical assistance program of the results of field verification. The hospital, skilled nursing facility and intermediate care facility shall have the right to request review of the field verification by an appeal board by filing written notice with the appeal board within 30 days after receipt of the notification from the Department or its agent of the results of the field verification. . . . After the Department receives the findings of the appeal board, the Department shall make a determination of the amount due the State and so notify the hospital, skilled nursing facility or intermediate care facility of that amount. Each hospital, skilled nursing facility, or intermediate care facility shall pay the amount due the Department within 60 days after notification or, if notice was issued before July 1, 1976, within 60 days after that date. After expiration of the 60-day period, the Department shall, in addition to other rights or remedies which may be available, recover the unpaid balance by withholding up to 20 percent from payments which would otherwise be due or payable to the hospital, skilled nursing facility or intermediate care facility."

More particularly, the question presented is whether under § 42E an appellant, the Department of Health and Mental Hygiene (Department), was authorized to withhold funds payable to the appellee, Granada Nursing Home, Inc. (Granada), after the Nursing Home Appeal Board (Appeal

Board) and the Secretary of the Department (Secretary) had determined that money was due and owing but before the Department's Board of Review (Board of Review) had determined, on appeal, whether any money was due and owing.

Granada provides nursing home services to the public under the Maryland medical assistance program. On various occasions the Department notified Granada of the results of field verification of allowable costs for specified periods of time. Granada appealed certain of these determinations to the Appeal Board which determined that Granada owed certain amounts of money to the Department. On 2 March 1981, the Secretary reviewed the Appeal Board's action and determined that Granada owed a greater amount of money than that previously determined by the Appeal Board. Granada appealed to the Board of Review. Before that Board made any determination as to whether there was any money due and owing, the Department withheld funds payable to Granada in the amount previously determined by the Secretary.

On 18 May 1981, in the Circuit Court of Baltimore City, Granada filed an action against the Department, among others. Granada sought a declaratory judgment as to the proper construction of § 42E and an injunction. In a memorandum opinion and order entered 10 July 1981, the trial court held that under § 42E the Department was not authorized to withhold funds from Granada until the Board of Review had finally determined the question whether any money was due and owing.

The Department appealed to the Court of Special Appeals. We granted a writ of certiorari before consideration by that Court.

On 4 March 1982, after the briefs had been filed in this Court and before oral argument, this Court was informed that on 29 June 1981 the Board of Review had issued an order requiring the case to be remanded to the Appeal Board "for a hearing on the entire matter." The Court was further informed that this order had not been presented to the trial

court before it entered its 10 July 1981 order. Under these circumstances, a question was raised as to whether the case was moot.

At oral argument, counsel for Granada contended that the case was not moot. Granada maintained that if the trial court's 10 July 1981 order were vacated by this Court, the Department might immediately seek to recover, by withholding or otherwise, the amount of money previously determined by the Secretary to be due and owing. Counsel for the Department, however, stipulated, in open court, that if the 10 July 1981 order of the trial court were vacated by this Court, the Department would not withhold that amount and would take no other action to recover funds from Granada until the Appeal Board and the Secretary had determined whether any amount was due and owing.

Under the present circumstances, it is manifest that the case is moot. *Kindley v. Governor,* 289 Md. 620, 631, 426 A.2d 908, 914-15 (1981); *Attorney Gen. of Md. v. Anne Arundel County School Bus Contractors Ass'n,* 286 Md. 324, 327, 407 A.2d 749, 752 (1979); Md. Rule 835 a 6. Accordingly, we shall vacate the trial court's 10 July 1981 order and remand the case to that court with instructions to dismiss as moot.

> *10 July 1981 Order of the Circuit Court of Baltimore City vacated.*
> *Case remanded to that Court with instructions to dismiss as moot.*
> *Costs to be paid by appellants.*